■ CARLOS RIOS, an Infant, by His Mother and Natural Guardian, VIRGINIA RIOS, et al., Appellants-Respondents, et al., Plaintiff, v TOWN OF ISLIP et al., Respondents, and RICCARDO P. HILL, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., the infant plaintiffs and defendant Hill cross-appeal from so much of a judgment of the Supreme Court, Suffolk County, entered February 9, 1977, as (1) granted defendant Town of Islip judgment against the infant plaintiffs, (2) failed to grant judgment to the infant plaintiffs against defendant County of Suffolk (the complaint was dismissed against the County of Suffolk at the close of the plaintiffs' case) and (3) awarded each of the infant plaintiffs $10,000 in damages against defendant Hill. Judgment modified, on the law, by deleting therefrom the second and third decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and as between the infant plaintiffs and defendant Hill, action severed and new trial granted limited to the issue of damages only. The findings of fact

as to liability are affirmed. The infant plaintiffs were injured on November 16, 1978 when a car in which they were passengers, and which was driven by defendant Hill, crashed into a dead-end barrier on a street in the Town of Islip. In our view, the following errors committed during the trial deprived the infant plaintiffs of a fair trial on the issue of damages: (1) The trial court improperly instructed the jury to consider whether the infant plaintiff Roberto Rios had a drug habit and whether this habit had anything to do with his injuries. There was no competent evidence in the record to indicate that he had a drug habit or that it in any way caused his alleged injuries; (2) During summation, the jury was told that defendant Hill was a Marine veteran of the Vietnam War and could not afford a large judgment. Specifically, the attorney for the town stated, "for the kind of jackpot money that he wants in this case, he is not going to get it from Hill"; (3) During summation counsel for defendant Hill improperly suggested to the jury that plaintiff Carlos Rios feigned his seizures in order to avoid going to Vietnam and that Carlos Rios was receiving a pension (see *Healy v Rennert,* 9 NY2d 202). Specifically, counsel stated: "It is amazing, isn't it, that when he got out to the coast, and the next stop is Vietnam, he gets the seizures and the shakes. * * * Then he gets a medical discharge and he is told to keep his pension going. He goes over to the V. A. * * * He didn't even try to get a job, apparently, as I see they are collecting a pension." Accordingly, the infant plaintiffs are entitled to a new trial against defendant Hill solely on the issue of damages. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.